UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN BULLOCK,<br><br>      Plaintiff,<br><br>v.<br><br>BOROUGH OF ROSELLE, CHIEF GERARD ORLANDO, in his individual and official capacity, DILMONTE PRYOR, JR., in his individual and official capacity, JAMES HOUSTON, in his individual and official capacity, JOHN LESHKO, in his individual and official capacity, and JOHN DOES 1-20, (names being fictitious),<br><br>      Defendants. | Civ. No. 17-13208 (KM)<br><br>OPINION |

    Brian Bullock brings this action asserting violations of the federal and state civil rights statutes, as well as state law tort claims, in connection with police officers' alleged excessive use of force and pursuit of false charges against him. Two of the defendants, the Borough of Roselle and its Police Chief, Gerard Orlando, have filed a motion to dismiss the Complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). (ECF no. 5) The remaining three named defendants, Delmonte[1] Pryor, Jr., James Houston, and John Leshko, all Roselle police officers, separately move to dismiss and join with Roselle's motion. (ECF no. 6) For the reasons stated herein, the motions to dismiss will be granted in part and denied in part. The upshot, as counsel for the parties seem to recognize, is that this case will go forward primarily on a malicious prosecution theory.

---

[1]     So spelled in his motion papers. I assume that the spelling "Dilmonte" in the caption of the Complaint and the official caption of the case is a typographical error.

1

## I. The Complaint

The allegations of the complaint ("Cplt.", ECF no. 1) are taken as true for purposes of this motion. *See* Section II, *infra*. They are as follows:

The plaintiff, Brian Bullock, is a resident of the Borough of Roselle, New Jersey. Defendant Gerard Orlando is the Roselle Police Chief; defendants Dilmonte Pryor, Jr., James Houston, and John Leshko are Roselle police officers. (Cplt. ¶¶ 1–7) Their departmental rank is not specified.

Mr. Bullock alleges that on August 17, 2014, at 9:53 p.m., he was driving on Spruce Street in Roselle. A friend, Jerae Prather, was in the car. Near the intersection of 9th Avenue, Bullock saw a person shine a flashlight at his car, but nothing about the person's appearance seemed to identify him as a police officer. (Cplt. ¶ 13) Bullock turned right and continued to his destination, an address on 9th Avenue. (Cplt. ¶ 14)

There, a police car, with Officers Pryor and Houston inside, pulled up beside Mr. Bullock's parked car. They ordered Bullock to get out of his car. (Cplt. ¶ 15) Pryor opened Bullock's car door and threatened to remove him forcibly. (Cplt. ¶ 16)

Officers Pryor and Houston handcuffed Mr. Bullock and then pepper sprayed him before placing him in their police car. (Cplt. ¶¶ 17–18) They ignored his obvious medical distress. (Cplt. ¶¶ 19, 48) Officer Lesko at some point arrived on the scene. (Cplt. ¶ 20)

Mr. Bullock was charged with "careless driving, failure to observe the direction of a police officer, tinted windows, driving under the influence, refusal, resisting arrest, harassment and disorderly conduct." (Cplt. ¶ 33) These charges, he alleges, were false and fabricated.

On August 21, 2014, Mr. Bullock was again arrested on a complaint warrant charging him with harassment. The underlying allegation was that Bullock had verbally threatened Officer Pryor and his family at headquarters on the night of the initial arrest. (Cplt. ¶ 21)

Trial of all the charges occurred in municipal court on March 1, 2016. I take judicial notice of the municipal court judge's findings and verdict, submitted as an exhibit. (ECF no. 9-1) The court found Mr. Bullock not guilty of careless driving, failure to observe the direction of a police officer, tinted glass, driving under the influence, refusal, and harassment. The court found Mr. Bullock guilty of the disorderly persons offense of resisting arrest and the petty disorderly persons offense of disorderly conduct.[2] The court's conclusions of law and disposition of the charges (ECF no. 9-1 at 14–24) may be summarized briefly as follows:

In connection with acquitting Mr. Bullock of the tinted windows and reckless driving charges, the court found that there had been an insufficient basis to issue the tickets. The court found that Pryor lacked reasonable suspicion to stop Bullock, suppressed all after-acquired evidence of intoxication, and acquitted Bullock of the DWI charge. Although Bullock had admitted refusing to submit to an alcohol breath test, this charge, too, was found to be tainted by the invalid stop. The court commented more generally that the State should have introduced testimony of the other officer, Houston; that it had difficulty extracting a "linear interpretation" of the events from Pryor's testimony; and that inconsistencies emerged from a comparison of Pryor's testimony with the dashboard video.

The charge of resisting arrest, on the other hand, was found to be sufficiently untainted by the unlawful stop. The court found that Mr. Bullock struggled, resisted being handcuffed by Officer Prior, and was subdued only with the aid of Officer Houston. The same conduct was found to support the disorderly conduct conviction.

As to the final charge of harassment, based on alleged threatening comments by Bullock at the police station, the court found credible conflicting

---

2   Mr. Praether, the other occupant of the car, was found not guilty of resisting arrest, and guilty of disorderly conduct.

3

testimony, sufficient to create a reasonable doubt.

The civil Complaint in this matter was filed on December 18, 2017. (ECF no. 1) It asserts ten Counts or causes of action:

| | |
|---|---|
| Count I | Pattern and practice Allegations (Municipal and Governmental Liability) |
| Count II | 42 U.S.C. § 1983 - Unreasonable and Excessive Force |
| Count III | Common Law Assault and Battery |
| Count IV | 42 U.S.C. § 1983 – Malicious Prosecution |
| Count V | 42 U.S.C. § 1985 – Conspiracy |
| Count VI | 42 U.S.C. § 1983 – Supervisor Liability |
| Count VII | Negligent Hiring/Training/Retention/Supervision |
| Count IX[3] | Violation of the New Jersey Civil Rights Act – N.J.S.A. 10:6-1 to 2 |
| Count VIII | Negligent and Intentional Infliction of Emotional Distress |
| Count X | Punitive Damages |

## II. Standard on a Motion to Dismiss

### A. In General

Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss, a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998); *see also Phillips v. County of Allegheny*, 515 F.3d

---

[3] The order of Counts VIII and IX is reversed in the Complaint. I designate the counts by the numbers they are assigned in the Complaint, although the briefs sometimes reverse the numbering.

4

224, 231 (3d Cir. 2008) ("reasonable inferences" principle not undermined by later Supreme Court *Twombly* case, *infra*).

Fed. R. Civ. P. 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678 (2009).

The United States Court of Appeals for the Third Circuit has explicated *Twombly/Iqbal* and provided a three-step process for evaluating a Rule 12(b)(6) motion:

> To determine whether a complaint meets the pleading standard, our analysis unfolds in three steps. First, we outline the elements a plaintiff must plead to a state a claim for relief. *See* [*Iqbal*, 556 U.S.] at 675; *Argueta*, 643 F.3d at 73. Next, we peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 679; *Argueta*, 643 F.3d at 73. Finally, we look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *Argueta*, 643 F.3d at 73. This last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

*Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

5

### B. Consideration of Municipal Court Decision

On this motion to dismiss, I have considered a post-trial written decision of the municipal court, dated March 1, 2016, which disposed of the criminal charges against the plaintiff, Mr. Bullock. (ECF no. 9-1; *see* pp. 3–4, *supra.*) I do so because that decision is integral to the allegations of the Complaint, and because another court's decision is subject to judicial notice.

A court considering a Rule 12(b)(6) motion is generally confined to the allegations of the complaint, with a few exceptions:

> Although phrased in relatively strict terms, we have declined to interpret this rule narrowly. In deciding motions under Rule 12(b)(6), courts may consider "document[s] integral to or explicitly relied upon in the complaint," *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis in original), or any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document," *PBGC v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

*In re Asbestos Products Liability Litigation (No. VI)*, 822 F.3d 125, 134 n.7 (3d Cir. 2016). *See also Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) ("However, an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.'") (quoting *In re Burlington Coat Factory*, 114 F.3d at 1426); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

In addition, another court's opinion may be considered without converting a motion to dismiss into one for summary judgment:

> [O]n a motion to dismiss, we may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity. *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991); *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991); *see also Funk v. Commissioner*, 163 F.2d 796, 800–01 (3d Cir. 1947) (whether a court may judicially notice other

6

proceedings depends on what the court is asked to notice and on the circumstances of the instant case).

*S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426-27 (3d Cir. 1999). *See generally* Fed. R. Evid. 201.

The municipal court's disposition of the charges is integral to, and summarized in, Mr. Bullock's complaint, and I may in any event take judicial notice of it. I therefore consider it on this motion.

### C. Assertion of Statute of Limitations on Motion to Dismiss

The defendants' motions to dismiss assert that the claims in the Complaint are barred by applicable statutes of limitations. Under the circumstances, this defense is properly considered on a Rule 12(b)(6) motion.

True, the statute of limitations is an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1). "Technically, the Federal Rules of Civil Procedure require a defendant to plead an affirmative defense, like a statute of limitations defense, in the answer, not in a motion to dismiss." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). Nevertheless, on a Rule 12(b)(6) motion, a complaint may be dismissed on statute of limitations grounds—but "only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (§ 1983 case, citing *Schmidt*, 770 F.3d at 249). *See also Fried v. JP Morgan Chase & Co.*, 850 F.3d 590, 604 (3d Cir. 2017). A statute of limitations dismissal must consider the applicability of tolling doctrines in an appropriate case. *See Wisniewski*, 857 F.3d at 157–58 (reversing dismissal and remanding for consideration of whether time spent in exhausting administrative remedies tolled the § 1983 limitations period).

### III. Federal Constitutional Claims

Five the Counts in the Complaint are, or are derivative of, civil rights claims under 42 U.S.C. § 1983. Primary among these are Count II (excessive force) and Count IV (malicious prosecution), which are directed to the conduct of the police officers. Counts I, V, and VI essentially impute liability to Borough

of Roselle or its other employees *via* theories of *Monell* liability, conspiracy, and supervisor liability.

The motions to dismiss assert that all of the Counts of the Complaint must be dismissed, primarily (but not entirely) because they are untimely under the applicable statutes of limitations. I therefore review the Complaint and the applicable law to determine whether the claims' untimeliness is "apparent on the face of the complaint." *Wisniewski*, 857 F.3d at 157. In this section, I consider the federal constitutional claims in Counts I, II, IV, V, and VI. In the following section I consider the remaining, state-law claims.

### A. Statute of Limitations for § 1983 Actions

Section 1983 does not contain its own statute of limitations, but borrows the limitations period from the law of the forum state. In New Jersey, Section 1983 claims are subject to the local two-year statute of limitations for personal injury claims, N.J. Stat. Ann. § 2A:14-2. *Patyrak v. Apgar*, 511 Fed.Appx. 193, 195 (3d Cir. 2013) (per curiam) (citing *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010)); *see also Wallace v. Kato*, 549 U.S. 384 (2007) (§ 1983 claims borrow the relevant state's statute of limitations for personal injury claims).

The date when a cause of action under § 1983 accrues is a matter of federal law. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing *Gentry v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991)). "Under federal law, a cause of action accrues, and the statute of limitations begins to run when the plaintiff knew or should have known of the injury upon which its action is based." *Id.* (internal quotation marks and citations omitted). "As a general matter, a [§ 1983] cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Id.* (citing *United States v. Kubrick*, 444 U.S. 111, 120 (1979)). Accrual occurs, then, "when a plaintiff has 'a complete and present cause of action,' that is, when 'the plaintiff can file suit and obtain relief.'" *Wallace*, 549 U.S. at

388 (quoting *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)).

Accrual may be delayed by a plaintiff's lack of knowledge of the facts. The threshold of knowledge, however, is not a high one. The tort accrues when the "plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action." *Fullman v. Pa. Dep't of Corr.*, 265 F. App'x 44, 46 (3d Cir. 2008); *accord Kach*, 589 F.3d at 634. Accrual does not require that plaintiff be aware of *all* of the facts. *New Castle County v. Halliburton Nus Corp.*, 111 F.3d 1116, 1125 (3d Cir. 1997) (citing *Zeleznik v. United States*, 770 F.2d 20, 24 (3d Cir. 1985)). Nor need the plaintiff contemporaneously appreciate the legal ramifications of the facts. The required awareness is awareness of injury, not appreciation that the injury constitutes a legal wrong. *See Keystone Ins. Co. v. Houghton*, 863 F.2d 1125, 1127 (3d Cir. 1988).[4]

### B. Count II (§ 1983 excessive force)

The § 1983 excessive-force claim is barred by the applicable two-year statute of limitations. Mr. Bullock's brief in response to the motion to dismiss is silent on this particular issue. I nevertheless discuss it briefly.

---

[4] In a proper case, the court must also consider whether the limitations period was suspended, or tolled. *See Wisniewski, supra.* "'State law, unless inconsistent with federal law, ... governs the concomitant issue of whether a limitations period should be tolled.'" *McPherson v. United States*, 392 F. App'x 938, 944 (3d Cir. 2010) (quoting *Dique*, 603 F.3d at 185).

Statutory tolling, under New Jersey law, may arise from bases specifically listed in the statute. *See, e.g.*, N.J. Stat. Ann. § 2A: 14–21 (minority or insanity); N.J. Stat. Ann. § 2A: 14–22 (non-resident defendant). Equitable tolling may be appropriate "where 'the complainant has been induced or tricked by his adversary's misconduct into allowing the deadline to pass,' or where a plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum." *Cason v. Arie Street Police Dep't*, No. 10-0497, 2010 WL 2674399, at *5 n. 4 (D.N.J. June 29, 2010) (citing *Freeman v. State*, 347 N.J. Super. 11, 31, 788 A.2d 867 (N.J. Super. Ct. App. Div. 2002)).

No basis for statutory or equitable tolling is pled in the Complaint or even remotely suggested by the circumstances.

9

A § 1983 claim of excessive force in connection with arrest is analyzed under the Fourth Amendment. *See Graham v. Connor*, 490 U.S. 386 (1989). A Fourth Amendment claim will accrue at the time of the allegedly wrongful search or seizure. *See Torres v. McLaughlin*, 163 F.3d 169, 176 (3d Cir. 1998) (false arrest); *Jackson v. City of Erie Police Dep't*, 570 F. App'x 112, 114 (3d Cir. 2014); *Voneida v. Stoehr*, 512 F. App'x 219, 221 (3d Cir. 2013); *Woodson v. Payton*, 503 F. App'x 110, 112 (3d Cir. 2012); *Castro v. Perth Amboy Police Dep't*, 2014 WL 229301, at *3 n.1 (D.N.J. Jan. 21, 2014). In particular, a § 1983 claim of excessive force in connection with an arrest accrues at the time of the arrest. *Brown v. Buck*, 614 F. App'x 590, 592 (3d Cir. 2015); *Smith-Harper v. Thurlow*, No. 15-1254 BK JS, 2015 WL 4879007, at *3 (D.N.J. Aug. 14, 2015). Indeed, it is the rare plaintiff who would not be contemporaneously aware of a tortious arrest or the fact of injury from excessive use of force.

Here, the date of the alleged application of excessive force in connection with the arrest is undisputed: It is August 17, 2014. Accrual of the cause of action is not controversial; Mr. Bullock surely knew of his injury as of that date. The complaint in this action was filed more than three years later, on December 18, 2017. On its face, then, the § 1983 excessive force claim is untimely under the applicable two-year statute of limitations.[5]

The motion to dismiss Count II (§ 1983/excessive force) on statute of limitations grounds is granted. I therefore do not consider other potential grounds for dismissal of this count.

---

5   The Complaint does not specifically plead § 1983 theories of of false arrest or false imprisonment. If pled, however, they too would be subject to dismissal on statute of limitations grounds. Like the excessive force claim, a § 1983 false arrest claim accrues at the time of the arrest. *See Torres v. McLaughlin*, 163 F.3d 169, 176 (3d Cir. 1998); *Love v. Shockley*, 2015 WL 71162, at *2 (D.N.J. Jan. 6, 2015). False imprisonment may continue to accrue until legal process is invoked. *See Alexander v. Fletcher*, 367 F. App'x at 290 n.2 (citing *Wallace*, 549 U.S. at 389–90). Either way, the causes of action accrued in or around August 2014, over three years before the complaint was filed.

### C. Count IV (§ 1983 malicious prosecution)

#### 1. Statute of limitations

For malicious prosecution, the statute of limitations analysis is different. A § 1983 malicious prosecution claim does not accrue as of the time the plaintiff was arrested or charged, but as of the time the criminal case was terminated in his favor.

The rationale for that rule is apparent. Malicious prosecution under 42 U.S.C. § 1983 requires that "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Halsey v. Pfeiffer*, 750 F.3d 273, 296–97 (3d Cir. 2014) (citing *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007)). The last event necessary to complete the Constitutional tort of malicious prosecution, then, is element 2: that the underlying criminal case be resolved in the plaintiff's favor. For such malicious prosecution claims, then, the two-year limitations period begins to run on the date that the criminal proceedings are terminated. *See, e.g.*, *Desposito v. New Jersey*, 2015 WL 2131073, at *11 (D.N.J. May 5, 2015) (collecting cases); *Torres v. McLaughlin*, 163 F.3d 169, 177 (3d Cir. 1998); *see also Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994).

Here, the municipal court entered its judgment on March 1, 2016. The complaint in this action was filed on December 18, 2017, well within the two-year limitations period. The § 1983 malicious prosecution claim is therefore timely.

The defendants' motion, insofar as it seeks to dismiss Count IV on statute of limitations grounds, is denied.

### 2. Other grounds

The defendants' motions do not assert any grounds aside from the statute of limitations for the dismissal of Count IV (§ 1983/malicious prosecution). Roselle's Reply (ECF no. 12), however, argues at some length that the Complaint fails to allege element (2) of a malicious prosecution claim, *i.e.,* that the prior criminal proceeding terminated in the plaintiff's favor.

In municipal court, Mr. Bullock was acquitted of the majority of the charged offenses, but convicted of two. Mixed verdicts can present complex issues, as the Third Circuit, sitting en banc, has recognized:

> We are thus faced with a question of first impression in this Circuit: Whether acquittal on at least one criminal charge constitutes "favorable termination" for the purpose of a subsequent malicious prosecution claim, when the charge arose out of the same act for which the plaintiff was convicted on a different charge during the same criminal prosecution. On these facts, we conclude that this question should be answered in the negative. As an initial observation, we note that various authorities refer to the favorable termination of a "proceeding," not merely a "charge" or "offense." *See Marasco*, 318 F. 3d at 521; *Haefner*, 626 A.2d at 521; W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 119 (5th ed.1984); 52 Am.Jur.2d *Malicious Prosecution* § 32 (Supp. 2007) ("In the context of a malicious prosecution action, to determine whether a party has received a favorable termination in the underlying case, the court considers the *judgment as a whole* in the prior action; ... the termination must reflect the merits of the action and the plaintiff's innocence of the *misconduct* alleged in the lawsuit." (emphasis added)). Therefore, the favorable termination of some but not all individual charges does not necessarily establish the favorable termination of the criminal proceeding as a whole.
>
> Rather we conclude that, upon examination of the entire criminal proceeding, the judgment must indicate the plaintiff's innocence of the alleged misconduct underlying the offenses charged .... When the circumstances—both the offenses as stated in the statute and the underlying facts of the case—indicate that the judgment as a whole does not reflect the plaintiff's innocence, then the plaintiff fails to establish the favorable termination element.

*Kossler v. Crisanti*, 564 F.3d 181, 188 (3d Cir. 2009).

I do not resolve that issue now, for two reasons. First, it presents a complex scenario that may require the Court to examine the evidence and testimony in the prior case. Such issues are better resolved with the benefit of a full record on summary judgment. Second, within my discretion I decline to entertain an issue raised for the first time in a reply brief. Roselle's moving brief referred to the "favorable termination" element, but only by way of arguing that a malicious prosecution action could not be maintained as to those counts on which Mr. Bullock was convicted. That is surely the case, but *Kossler* "mixed verdict" issue constitutes a far more drastic contention that the malicious prosecution claim cannot go forward at all. This argument was not responsive to anything raised for the first time in the plaintiff's responding brief. The plaintiff has not had a fair opportunity to respond to it.

The motion to dismiss Count IV (§ 1983/malicious prosecution) on *Kossler* "mixed verdict" grounds is therefore denied, without prejudice to reassertion in the context of summary judgment.

### D. Counts I and VI (Imputed liability)

Count I contains allegations intended to impute the individual officers' § 1983 liability to the Borough of Roselle by alleging that their acts were part of a municipal pattern or practice. *See Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978). Count VI aims to impute the individual officers' § 1983 liability to supervisors in the Police Department, particularly Chief Orlando, by alleging, *inter alia*, that he failed to properly train or supervise the officers. *Santiago v. Warminster Twp.*, 629 F.3d, 121, 129 (3d Cir. 2010). Counts I and VI do not seem to be directed against the police officer defendants.

What these counts have in common is that they are predicated on the arresting officers' actionable violations of civil rights. They allege that Roselle and Chief Orlando are directly implicated in the officers' conduct. in response to the concern that there is no *respondeat superior* liability under 42 U.S.C. § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). *See also Rode v.*

*Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *In re Bay side Prison Litig.*, Civ. No. 97-5127, 2007 WL 327519, at *5 (D.N.J. Jan. 30, 2007).

### 1. Statute of limitations

The plaintiff argues that Count I is timely because it is a *Monell* claim that rides "piggyback on Plaintiff's timely filed malicious prosecution claim." (Pl. Brf. 15) Such *Monell* allegations, even if pled (as is common) in a separate count, are properly viewed as a § 1983 claim, or as the municipal liability component of such a claim. They are therefore subject to the same two-year statute of limitations as the underlying § 1983 tort. As to supervisory liability, the analysis is similar. *See Desposito*, 2015 WL 2131073 at *12 (*Monell* claim) (cited in *Waselik v. Twp. of Sparta*, No. CV 16-4969 (KM-JBC), 2017 WL 2213148, at *12 (D.N.J. May 18, 2017)). To the extent the claims against the individual officers are time-barred, then so are these imputed-liability claims.

Counts I and VI, then, are dismissed on statute of limitations grounds insofar as they relate to the officers' liability for excessive use of force, as alleged in Count II. (*See* Section III.B, *supra.*) The motion to dismiss Counts I and VI on statute of limitations grounds is denied, however, insofar as they relate to the officers' liability for malicious prosecution, as alleged in Count IV. (*See* Section III.C, *supra.*)

### 2. Other grounds

Defendant Roselle correctly points out that it cannot be held liable under § 1983 or the NJCRA based on principles of *respondeat superior*. *Monell*, 436 U.S. at 691. Count I alleges, however, that the officers' actions occurred pursuant to a municipal pattern and practice, and it gives examples of similar cases. That is sufficient to withstand a 12(b)(6) challenge to *Monell* liability.

Count VI makes similar allegations that supervisors, specifically Chief Orlando, maintained that policy and practice or knowingly acquiesced in the officers' conduct. For Rule 12(b)(6) purposes, that is a sufficient allegation. *See Santiago, supra*; *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004).

### E. Count V (§ 1985 Conspiracy)

Count V alleges that the defendants conspired to cover up the individual officers' violation of Mr. Bullock's constitutional rights, in violation of 42 U.S.C. § 1985, by creating false reports, failing to investigate, failing to take disciplinary action, and presenting false evidence. These allegations do not clearly, on their face, place all of the conspiratorial events outside of the two-year limitations period. The plaintiff does not seem to contend that the entirety of Count V is timely; he responds only that "[s]ince the statute of limitations on Plaintiff's claim for malicious prosecution is not time-barred, Plaintiff's claims for conspiracy for malicious prosecution are also not time-barred." (Pl. Br. 15)

By analogy to Counts I and VI (see Section III.D, supra), Count V is dismissed on statute of limitations grounds insofar as it relates to the officers' liability for excessive use of force in August 2014, as alleged in Count II. The motion to dismiss Count V on statute of limitations grounds is denied, however, insofar as it relates to the officers' liability for subsequent acts of malicious prosecution, as alleged in Count IV. Defendants offer no additional grounds in support of their contention that Count V does not state a claim upon which relief may be granted.

### IV. State-law Claims

#### A. Count IX (NJ Civil Rights Act)

Count IX asserts a claim under the New Jersey Civil Rights Act ("NJCRA"), N.J. Stat. Ann. 10:6–1 &2. This claim seemingly encompasses the deprivations of federal civil rights alleged in the § 1983 counts, but asserts them under parallel provisions of the New Jersey State Constitution.

#### 1. Statute of limitations

NJCRA, like § 1983, contains no express statute of limitations. Generally speaking, however, the NJCRA was patterned on § 1983, and has been construed in parallel with it. *Ingram v. Twp. of Deptford*, 911 F. Supp. 2d 289, 298 (D.N.J. 2012); *Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443 (D.N.J. 2011). *See also Gonzalez v. Auto Mall 46, Inc.*, 2012 WL 2505733, at *4

(N.J. Super. Ct. App. Div. July 2, 2012) (citing *Rezem Family Assocs., LP v. Borough of Millstone*, 30 A.3d 1061, 1067 (N.J. Super. Ct. App. Div. 2011), *certif. denied*, 208 N.J. 366, 29 A.3d 739 (2011)).

Like other federal and state courts before me, I conclude that NJCRA, like § 1983, is subject to the State's general two-year personal injury statute of limitations, N.J. Stat. Ann. § 2A:14-2. *Boyd v. Plainfield Police Dep't*, No. CV 15-2210 (SRC), 2018 WL 1526556, at *4 (D.N.J. Mar. 28, 2018) (citing *Lapolla v. Cty. of Union*, 449 N.J. Super. 288, 298 (N.J. App. Div. 2017) ("The statute of limitations for claims under the NJCRA is two years. See N.J.S.A. 2A:14–2(a).")); *Abdul–Aziz v. Lanigan*, No. CV 14-2026 (FLW), 2016 WL 1162753, at *4 (D.N.J. Mar. 24, 2016); *Citta v. Borough of Seaside Park*, Civ. No. 09–865 FLW, 2010 WL 3862561, at *10 n.3 (D.N.J. Sept. 27, 2010); *Gracia–Brown v. City of Newark*, No. CIVA09–3752, 2010 WL 1704748, at *4 (D.N.J. Apr. 26, 2010); *Hawkins v. Feder*, 2012 WL 5512460, at *5 (N.J. Super. Ct. App. Div. Nov. 15, 2012).

I therefore hold, as I did with respect to the § 1983 claims, that the NJCRA claims relating to excessive force are time-barred, but those relating to malicious prosecution are not. As to Count IX (NJCRA), then, the motion to dismiss on statute of limitations grounds is granted in part, as to the excessive force theory, and denied in part, as to the malicious prosecution theory.

## 2. Other grounds

Defendant Roselle asserts that the NJCRA, like § 1983, incorporates the *Monell* bar to municipal liability by way of *respondeat superior*. (Def. Roselle Brf. 13 (citing *Ingram v. Twp. of Deptford*, 911 F. Supp. 2d 289 (2012)). I assume *arguendo*, without deciding, that Roselle's view of the law is correct. I nevertheless find that the Complaint adequately pleads *Monell* liability. *See* Section III.D.1, supra. Roselle's motion to dismiss Count IX (NJCRA) on *Monell* grounds is therefore denied.

## B. Count III (Assault and Battery)

Count III alleges the common-law tort of assault and battery, based on the officers' having struck, pepper-sprayed, and otherwise applied excessive force to Mr. Bullock in the course of the August 17, 2014 arrest.

A state-law tort claim of assault and battery is subject to the familiar two-year statute of limitations for personal injury actions. N.J. Stat. Ann. § 2A:14-2. *See Rodriguez v. New Jersey,* No. CV 18-3629 (JBS-KMW), 2018 WL 1726261, at *2 (D.N.J. Apr. 10, 2018); *Dean v. Deptford Township*, No. 13-5197, 2015 WL 13640263, at *2 (D.N.J. Apr. 1, 2015) ("The statute of limitations for Plaintiff's common law assault and battery claims is ... two years pursuant to N.J. Stat. Ann. § 2A:14–2."); *Ramsey v. Dintino,* 2008 WL 819982, at *4 (D.N.J. March 25, 2008) (citing *Dunn v. Borough of Mountainside*, 301 N.J. Super. 262, 693 A.2d 1248, 1256 (N.J. Super. Ct. App. Div. 1997)). Whether the claim is asserted under federal or state law, the date of accrual will be the date when the arrest and the application of excessive force occurred. *Id.* (an assault tort claim, asserted in parallel with a § 1983 claim, accrued at the time when a state police officer allegedly struck a driver in the course of a traffic stop); *Harden v. City of Millville*, 2018 WL 2113268, at *3 (D.N.J. May 8, 2018) (under federal law, claim of assault in connection with arrest accrued on the date of that arrest).[6]

---

[6] Roselle's motion to dismiss asserted that, as a public entity, it was not subject to suit under the New Jersey Tort Claims Act ("NJTCA"), N.J. Stat. Ann. §§ 59:2-10. I need not reach that contention. I note, however, that a two-year limitations period would also apply under the NJTCA. Prior to filing a complaint, a plaintiff must submit a notice of claim to the public entity within ninety days of the claim's accrual, N.J.S.A. 59:8–8a, and in any case "[a] claimant shall be forever barred from recovering against a public entity or public employee under this act if ... [t]wo years have elapsed since the accrual of the claim." N.J.S.A. 59:8–8b. *See Velez v. City of Jersey City*, 180 N.J. 284, 290, 850 A.2d 1238, 1242 (2004). Under the NJTCA, as under federal law, a tort generally accrues as of "the date of the incident on which the tortious conduct took place." *Bayer v. Twp. of Union*, 414 N.J. Super. 238, 258, 997 A.2d 1118, 1129 (App. Div. 2010) (citing *Beauchamp v. Amedio*, 164 N.J. 111, 117, 751 A.2d 1047 (2000)); *accord Marenbach v. City of Margate*, 942 F. Supp. 2d 488, 491 (D.N.J. 2013); *Cliett v. City of Ocean City*, No. 06–4368, 2007 WL 2459446, at *3 (D.N.J. Aug. 24, 2007) (Simandle, C.J.) ("[T]he accrual date of a claim is the date on which the alleged tort is committed or the negligent action or omission occurred.").

The applicable limitations period is two years. Any tort claim for assault accrued on the date of the arrest, August 17, 2014. Because the complaint was filed over three years later, on December 18, 2017, the motion to dismiss Count III on statute of limitations grounds is granted. I therefore do not consider any additional grounds for dismissal.

### C. Count VIII (Negligent and Intentional Infliction of Emotional Distress)

Count VIII asserts the state law torts of negligent and intentional infliction of emotional distress (NIED and IIED). In response to the motion to dismiss, Mr. Bullock concedes that Count VIII should be dismissed against the Borough of Roselle only.[7] The following discussion, then, is confined to the individual defendants.

These torts are subject to the usual two-year statute of limitations for personal injury actions. N.J. Stat. Ann. § 2A:14-2. *See Love v. New Jersey State Police*, No. CV141313FLWTJB, 2016 WL 3046257, at *9 (D.N.J. May 26, 2016); *Benhur v. Madavaram*, No. CV 15-6826, 2017 WL 1034370, at *2 (D.N.J. Mar. 17, 2017); *Carino v. O'Malley*, No. CIV.A.05-5814 KSH, 2007 WL 951953, at *7, *9 (D.N.J. Mar. 28, 2007).

As to the individual defendants, the complaint alleges a course of conduct, encompassing the malicious prosecution allegations and extending into the two-year limitations period. Accrual may present a question of law and fact. *See Benhur*, 2017 WL 1034370, at *2. The limitations bar, then, is not so "apparent on the face of the complaint," *see* Section II.C, *supra*, that I can apply it at the Rule 12(b)(6) stage. The IIED and NIED claims against the individuals therefore will not be dismissed on statute of limitations grounds.

---

[7] Roselle's motion to dismiss asserted that, as a public entity, it was not subject to suit under the New Jersey Tort Claims Act ("NJTCA"), N.J. Stat. Ann. §§ 59:2-10. That seems to be the basis for plaintiff's concession as to Count VIII. I do not discuss it further.

As to the individual defendants, Defendants raise no grounds aside from the statute of limitations for dismissal of Count VIII.

18

Arguments that these claims are untimely, wholly or in part, may be renewed in the context of summary judgment.

As to Roselle, then, the motion to dismiss Count VIII (IIED/NIED) is granted; as to the individual defendants, it is denied.

### D. Count VII (Negligent Hiring/Training/Retention/Supervision)

Count VII alleges that the Borough of Roselle and its supervisors permitted the alleged wrongs to occur through negligent hiring, training, retention, or supervision of the officers directly responsible. Neither side's briefs have much to say about this count.

The usual two-year statute of limitations applies. *J.H. Grp., LLC. v. Royal Rolling Chairs, LLC.*, No. CIV.A. 11-1595, 2012 WL 1044498, at *4 (D.N.J. Mar. 28, 2012) (citing *Lutzky v. Deutsche Bank Nat'l Trust Co.*, No. 09-cv-3886 (JAP), 2009 WL 3584330, at *4 (D.N.J. Oct. 27, 2009) (citing N.J. Stat. Ann. § 2A:14-2(a)). As in the case of NIED/IIED, however, the application of the limitations bar to these sprawling allegations of ongoing administrative shortcomings cannot be determined from the face of the Complaint. *See* Section IV.C, immediately preceding.

The motion to dismiss Count VIII on statute of limitations grounds is therefore denied without prejudice to renewal in a summary judgment motion.

### E. Count X (Punitive Damages)

Count X (punitive damages), although pled as a separate count, is not truly a separate cause of action but a prayer for relief, potentially applicable to any count on which the plaintiff ultimately prevails. It is perhaps for this reason that the parties' briefs do not discuss it. It would be both premature and inefficient to consider whether Count X should be dismissed at this point. The potential availability of punitive damages as to any counts that survive may be addressed on summary judgment or at trial.

## CONCLUSION

For the foregoing reasons, the motions (ECF nos. 5, 6) under Fed. R. Civ. P. 12(b)(6) to dismiss the complaint for failure to state a claim are **GRANTED IN PART AND DENIED IN PART**. For ease of reference, the Counts that remain are as follows:

| | |
|---|---|
| Counts I, V, & VI | *Monell,* supervisory liability and conspiracy – malicious prosecution theory only. |
| Count IV | 42 U.S.C. § 1983 – Malicious Prosecution |
| Count VII | Negligent Hiring/Training/Retention/Supervision |
| Count IX | New Jersey Civil Rights Act - malicious prosecution theory only |
| Count VIII | NIED/IIED – individual defendants only |
| Count X | Punitive Damages |

Because this is a first dismissal, it is without prejudice to the submission, within 30 days, of a properly supported motion to amend the Complaint. An appropriate Order is filed herewith.

Dated: August 31, 2018

Kevin McNulty
**United States District Judge**